# CLARK *v.* TITUSVILLE.

ERROR TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

No. 91. Argued and submitted January 14, 1902.—Decided March 3, 1902.

The city government of Titusville, in Pennsylvania, imposed a license tax upon persons carrying on certain occupations in that city. This court holds that it was a tax on the privilege of doing business, regulated by the amount of the sales, and was not repugnant to the Constitution of the United States.

THE case is stated in the opinion of the court.

*Mr. Eugene Mackey* for plaintiff in error.

*Mr. George Frank Brown* for defendant in error, submitted on his brief.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This case is here on error to the Supreme Court of the State of Pennsylvania. It involves the constitutionality of an ordinance of the city of Titusville imposing a license tax upon the merchants of the city. The particular contention is that the ordinance violates the equality prescribed by the Fourteenth Amendment of the Constitution of the United States, in that it divides the merchants into arbitrary classes.

The trial court sustained the ordinance, and its judgment was affirmed by the Supreme Court upon the opinion delivered by the trial court.

The case was submitted upon a case stated in the nature of a special verdict, from which it appeared that the city was duly incorporated, and passed on June 25, 1888, the ordinance complained of. The provisions of the ordinance were set out, and it was stipulated that if the court should be of the opinion that the ordinance was valid a fine should be entered against the defendant (plaintiff in error) for the total of the taxes prescribed.

The ordinance imposes a license tax upon persons who carry on certain occupations in the city. Persons in different occupations pay different amounts, and persons in the same occupation are classified by maximum and minimum amount of sales. For instance, persons dealing in merchandise are classified as follows, and we quote from the opinion of the trial court:

| Class. | Business. | | | Tax. |
|---|---|---|---|---|
| 1 | Over $60,000 | | | $100.00 |
| 2 | $50,000 | to | 60,000 | 80.00 |
| 3 | 40,000 | to | 50,000 | 70.00 |
| 4 | 30,000 | to | 40,000 | 60.00 |
| 5 | 20,000 | to | 30,000 | 50.00 |
| 6 | 10,000 | to | 20,000 | 35.00 |
| 7 | 5000 | to | 10,000 | 25.00 |
| 8 | 2500 | to | 5000 | 15.00 |
| 9 | 1000 | to | 2500 | 10.00 |
| 10 | | | 1000 | 5.00 |

Opinion of the Court.

| Class. | Business. | Tax. |
|---|---|---|
| | Wholesale. | |
| 1 | $100,000 and upwards | $60.00 |
| 2 | 60,000 to 100,000 | 50.00 |
| 3 | 50,000 to 60,000 | 40.00 |
| 4 | 40,000 to 50,000 | 35.00 |
| 5 | 30,000 to 40,000 | 30.00 |
| 6 | 20,000 to 30,000 | 25.00 |
| 7 | 10,000 to 20,000 | 20.00 |
| 8 | 5000 to 10,000 | 15.00 |
| 9 | 2500 to 5000 | 10.00 |
| 10 | 2500 | 5.00 |

It is with this classification that we have immediate concern, because the plaintiff is a retail grocer. He was assessed in the sixth class in 1895, and in the seventh class in 1896.

The objection that plaintiff makes to the ordinance is, that it classifies by amount or value with the result (1) that the lowest amount or value of property of a class "is required to pay the same amount of taxes with the highest amount or value of property therein;" (2) that the differences are not in kind but only in amount, or value, and that the taxes decrease in rate or ratio as the value of the class increases; (3) that the so-called classes are subdivisions of a class, and taxes are imposed upon such subdivisions without regard to a common ratio, either as between the several subdivisions, or as between the members of each of the subdivisions. These objections are but the expression of the effect of classification by amount, and have been made before and considered before by this court, and the judgment has been adverse to the contention of plaintiff in error. We do not think that it is necessary to review the cases or enter again into the reasoning upon which they were based.

Classification by amount came up for consideration and decision in *Magoun* v. *Illinois Trust & Savings Bank*, 170 U. S. 283, and was sustained. That case, plaintiff in error recognizes, may be urged against his contention and attempts to limit its decision to the power of a State over inheritances, and to explain by that power not only the taxes imposed, but the dis-

criminations which were claimed to have resulted from grading the taxes by the amount of the legacy. This, we think, is a misunderstanding of the opinion. The contentions of the parties in the case were extremely opposite. The appellee claimed that the power of the State could be exerted to the extent of making the State the heir of everybody; the appellant asserted a natural right of children to inherit. We expressed no opinion on either contention, but chiefly directed our consideration and decision to the alleged discriminating features of the law of Illinois. We said : "Our inquiry must be not what will satisfy the provisions of the state constitutions, but what will satisfy the rule of the Federal Constitution. The power of the States over successions may be as plenary in the abstract as appellee contends for, nevertheless it must be exerted within the limitations of that Constitution. If the power of devise or of inheritance be a privilege, it must be conferred or regulated by equal laws."

The law of Illinois was charged with inequality of operation because of the classes which it created. It was asserted, as it is in the case at bar, that the classes were formed upon arbitrary differences, and the provisions of the statute which fixed the tax upon legacies to strangers to the blood of the intestate were vigorously assailed. Those provisions were as follows :

"On each and every hundred dollars of the clear market value of all property and at the same rate for any less amount on all estates of ten thousand dollars and less, three dollars ; on all estates over ten thousand dollars and not exceeding twenty thousand dollars, four dollars ; on all estates over twenty thousand dollars and not exceeding fifty thousand dollars, five dollars ; and on all estates over fifty thousand dollars, six dollars. Provided, that an estate in the above case, which may be valued at a less sum than five hundred dollars, shall not be subject to any duty or tax."

Manifestly, there was inequality between the members of different classes, and that was conceded in the opinion, but as manifestly there was equality between the members of each class, and that equality was held to satisfy the Fourteenth Amendment of the Constitution of the United States ; and the

reasoning by which that conclusion was supported is applicable to the case at bar. We met the contention accurately and squarely that there was no reasonable distinction between the classes. We said :

" If there is inequality it must be because the members of a class are arbitrarily made such and burdened as such, upon no distinctions justifying it. This is claimed. It is said that the tax is not in proportion to the amount but varies with the amounts arbitrarily fixed, and hence that an inheritance of $10,000 or less pays 3 per cent, and that one over $10,000 pays not 3 per cent on $10,000 and an increased percentage on the excess over $10,000, but an increased percentage on the $10,000 as well as on the excess, and it is said, as we have seen, that in consequence one who is given a legacy of $10,000 and one dollar by the deduction of the tax receives $99.04 less than one who is given a legacy of $10,000. But neither case can be said to be contrary to the rule of equality of the Fourteenth Amendment. That rule does not require, as we have seen, exact equality of taxation. It only requires that the law imposing it shall operate on all alike under the same circumstances. The tax is not on money, it is on the right to inherit, and hence a condition of inheritance, and it may be graded according to the value of that inheritance. The condition is not arbitrary because it is determined by that value ; it is not unequal in operation because it does not levy the same percentage on every dollar ; does not fail to treat ' all alike under like circumstances and conditions, both in the privilege conferred and the liabilities imposed.' The jurisdiction of courts is fixed by amounts. The right of appeal is. As was said at bar, the Congress of the United States has classified the right of suitors to come into the United States courts by amounts. Regarding these alone, there is the same inequality that is urged against classification of the Illinois law. All license laws and all specific taxes have in them an element of inequality ; nevertheless they are universally imposed, and their illegality has never been questioned."

Plaintiff in error, however, contends that the tax in the case at bar is a tax on property, not on the privilege to do business, because the final incidence of the tax is on the merchant, and

is paid by him. But every tax has its final incidence on some individual. That effect, therefore, cannot be urged to destroy well recognized distinctions. The tax in the case at bar is a tax on the privilege of doing business regulated by the amount of sales, and is not repugnant to the Constitution of the United States.

*Judgment affirmed.*

Mr. Justice Harlan did not hear the argument and took no part in the decision.