(101 South. 13)

No. 25087.

## ARMOUR & CO., Limited, v. BOARD OF STATE AFFAIRS et al.

(March 24, 1924. On Application for Rehearing, June 6, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Taxation ☞365—Assessment made pursuant to statute passed same year held not to give it retroactive effect.**

Act No. 24 of 1918 (Ex. Sess.), concerning manner of assessment of credits and deduction therefrom of debts, being in full force and effect prior to January 1st of that year, was not given a retroactive effect by an assessment in 1918, in accordance with its terms; assessment being for year 1919.

2. **Taxation ☞375(1)—Board may look to previous year's business in assessing property, but has discretion as to method of appraising values.**

Board, in arriving at value of assessable property of corporation, may look to previous year's business as an aid in ascertainment of a fact; but it has discretion in selection of method it may adopt for appraisal of value, limited only to extent that assessments must be equal and uniform and that property cannot be assessed for more than its actual cash value.

3. **Taxation ☞375(1)—Mercantile firm need not be assessed as collective entity.**

An assessment of taxes against a mercantile firm is not required to be made against its business as a whole, but board is required to thoroughly inquire into every detail of business, so that all capital employed therein may bear its just proportion of taxation.

4. **Taxation ☞317(1)—Board of state affairs does not levy tax, but fixes value of property.**

Board of state affairs does not and cannot levy a tax, its function being to fix and equalize values of various classifications of property for purpose of taxation.

5. **Constitutional law ☞229(3), 284(1)— Taxation ☞40(8)—Statute providing for deduction of bills payable from credits in assessing them, but excepting subsidiary corporations, held not discriminatory.**

Act No. 24 of 1918 (Ex. Sess.), providing that subsidiary corporations will not be permitted to deduct accounts and bills payable from accounts and bills receivable for purposes of assessment, does not contravene Const. La. art. 225, or Const. U. S. Amend. 14, not being discriminatory.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Suit by Armour & Co., Limited, against the Board of State Affairs and others. Judgment for defendants, and plaintiff appeals. Affirmed.

W. L. Gleason and Merrick & Schwarz, all of New Orleans, for appellant.

Harry P. Sneed, of New Orleans, for appellees Louisiana Tax Com'r and State Tax Collector.

Nat D. Cooke, of New Orleans, for appellee Board of Assessors.

W. Catesby Jones, Asst. City Atty., of New Orleans, for appellee City of New Orleans.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J. This is a suit against the board of state affairs for the state of Louisiana, the board of assessors of the city of New Orleans, the city of New Orleans, and the committee of assessment thereof, for a reduction of plaintiff's assessment.

From a judgment dismissing the suit, the plaintiff has appealed.

There is an error in the record as to the particular assessment involved. The error is corrected by the following agreement of counsel:

"The litigation herein concerns the assessment for the year nineteen hundred and nineteen (1919)."

There is also an agreement of counsel permitting article 11 of defendants' answer to be changed so as to read as follows:

"Further answering paragraph 11, defendants show that the assessment herein made was made under a certain resolution adopted by the board of state affairs for the state of Louisiana for governing assessment of credits for the year 1918, which resolution provides that credits of subsidiary corporations, or corporations of interlocking directorates, should not be deducted from bills payable and accounts payable of such corporations.

"Defendants also admit the act named in plaintiff's petition and deny that same is not applicable to the assessment of 1918.

"It is admitted by counsel for defendants that the board of state affairs for the state of Louisiana, in assessment of mercantile associations for 1918, which assessment was based on the ad valorem of 1917 enforcement, permitted the deduction of accounts and bills payable from the accounts and bills receivable in assessment of said mercantile organizations, with the exception of a small number of mercantile organizations, to wit, to the number of approximately a dozen in the parish of Orleans, in respect to which excepted mercantile firms, they refused to permit the deduction to be made. That the excepted mercantile firms were classed by the board of state affairs, with the plaintiff herein, as being a subsidiary corporation or one having an interlocking directorate, with a parent corporation, to whom bills or accounts payable existed."

It is contended by plaintiff that the assessment of its property is based upon the business done by it in 1917; that the assessment of the various elements of a business are based upon the business transacted in the previous year; that Act No. 24, Extra Session of 1918, did not apply to assessments made in 1918, and therefore the board of state affairs, in its assessment of plaintiff's credits in 1918, gave Act No. 24 of 1918 a retroactive effect; that the assessment is excessive; that if Act 170 of 1898 authorizes the assessment of bills receivable and accounts receivable without deduction of bills payable and accounts payable, the act contravenes article 225 of the state Constitution and the Fourteenth Amendment of the federal Constitution; and that Act 24, Extra Session of 1918, is unconstitutional for the same reason. The answer denies all of these allegations; it avers that plaintiff is not entitled to the deduction claimed; that plaintiff is a subsidiary corporation of Armour & Co. of Illinois; that the parent corporation owns all of the stock and controls the affairs of plaintiff corporation; that section 7 of Act 170 of 1898 and Act 24, Extra Session of 1918, are valid, constitutional legislative enactments; and that for the purpose of state taxation, all property is required to be assessed at its actual cash value.

It is not necessary to state the pleadings with more particularity. Three questions are presented for consideration and decision:

First. Did the board of state affairs in assessing plaintiff's property give Act 24, Extra Session of 1918, a retroactive effect?

Second. Is the assessment of appellant's property excessive or otherwise illegal?

Third. Is Act 24, Extra Session 1918, unconstitutional?

Prior to 1917 there was no rule for the deduction of bills payable, accounts payable, and similar liabilities from credits when the

latter were valued for the purpose of assessment.

Act 140 of 1916 abolished the state board of appraisers and the state board of equalization, and created in their stead the board of state affairs. This board, under the authority conferred by the act creating it and by section 7 of Act 170 of 1898, adopted a resolution on June 19, 1917, providing a method for the appraisal and assessment of credits. This resolution did not classify branch houses and subsidiary corporations differently from the parent organization, but it treated all taxpayers alike and permitted every person, firm, or corporation engaged in the mercantile business to offset its credits to the extent of its debts, and assessed as taxable the surplus, if a surplus existed. This resolution governed the board in its assessment of property for the year 1918. During that year Act 24, Extra Session of 1918, was passed. The act is short, and we quote it in full:

"Be it enacted by the General Assembly of the State of Louisiana, that all credits, including open accounts, bills receivable, judgments and all promissory notes not exempt from taxation shall be assessed in the same manner as all other personal property, but shall be offset and lessened by the actual bona fide accounts payable, bills payable and other liabilities of a similar character and which are not exempt from taxation, of the corporation, partnership, firm or individual in whose name the said credits are assessed, provided, that any indebtedness due by branch houses or subsidiary corporations to the parent company or corporation, or by corporations, the majority of whose capital stock is owned and controlled by another corporation, or by its stockholders, engaged in the same business, due to that other corporation so owning its capital stock, shall not be so deducted, and, provided further that the provisions of this Act shall not apply to the assessment of banks and trust companies."

[1] The assessment complained of in this case was made in 1918 as the assessment upon which the tax for the year 1919 was to be levied and collected, and as Act 24, Extra Session of 1918, was the first legislative enactment in this state, classifying branch houses and subsidiary corporations whose capital stock was owned and controlled by another corporation differently from other mercantile establishments, it is apparent that the board of state affairs assessed plaintiff's property for the year 1919 under the authority and by virtue of the provisions of that act. The assessment being for the year 1919, and Act 24, Extra Session of 1918, being in full force and effect prior to January 1st of that year, it is equally clear that the board has not given the act a retroactive effect.

[2] In its attack upon the assessment as being excessive, plaintiff confuses the quantum of the assessment with the object assessed. In arriving at the value of assessable property the board may look to the previous year's business as an aid in the ascertainment of a fact, but it has discretion in the selection of the method it may adopt for the appraisal of values. This discretion is limited only to the extent that assessments must be equal and uniform as to each classification of property and that property cannot be assessed for more than its actual cash value.

[3] Plaintiff's contention seems to be based upon the theory that an assessment against a mercantile firm is an assessment against the business as a collective entity, instead of assessments against the several classes of property employed by the firm in the conduct of its business. The board is required to thoroughly inquire into every detail of the business so that all of the capital employed therein may bear its just proportion of taxation. We know of no law which requires the board to assess such a business as a whole. Every business has a stock in trade, furniture, fixtures, and, in many instances, machinery, automobiles, credits, etc. There is nothing in the record which indicates what

method the board adopted in making the assessment complained of, and no proof was offered tending to show that the assessment was excessive. Plaintiff seems to rely upon its alleged right to offset its credits with its debits, and upon the alleged unconstitutionality of Act 24, Extra Session of 1918.

Article 225 of the state Constitution provides that—

"Taxation shall be equal and uniform throughout the territorial limits of the authority levying the tax."

[4, 5] The board of state affairs does not and cannot levy a tax. Its function is to fix and equalize the values of the various classifications of property for the purpose of taxation.

"The power of taxation belongs exclusively to the legislative branch of the government." U. S. v. City of New Orleans, 98 U. S. 381, 25 L. Ed. 225.

"The power of taxation is legislative, and cannot be exercised otherwise than under the authority of the Legislature." Meriwether, Receiver et al., v. Garrett & Sons et al., 102 U. S. 472, 26 L. Ed. 197.

"The provision in the Fourteenth Amendment, that no state shall deny to any person the equal protection of the laws, does not prevent a state from adjusting its system of taxation in all proper and reasonable ways, nor compel the states to adopt an iron rule of equal taxation.

"The Fourteenth Amendment intended only that equal protection and security should be given to all under like circumstances, and that no greater burdens should be laid upon one than are laid upon others in the same calling and condition." Bell's Gap Railroad Co. v. Commonwealth of Pennsylvania, 134 U. S. 232, 10 Sup. Ct. 533, 33 L. Ed. 892; Giozza v. Tiernan, 148 U. S. 659, 662, 13 Sup. Ct. 721, 37 L. Ed. 599; Adams Exp. Co. v. Ohio State Auditor, 165 U. S. 228, 17 Sup. Ct. 305, 41 L. Ed. 683.

"Lack of uniformity in the result of a state tax law as to banks does not violate the Fourteenth Amendment of the federal Constitution as denying to any person the equal protection of the laws—at least when the inequality comes from the election of certain tax payers to avail themselves of privileges offered to all." Merchants' & Manufacturers' National Bank v. Commonwealth of Pennsylvania, 167 U. S. 461, 17 Sup. Ct. 829, 42 L. Ed. 236; Kentucky Railroad Tax Cases, 115 U. S. 321, 6 Sup. Ct. 57, 29 L. Ed. 414; Home Ins. Co. v. New York, 134 U. S. 594, 10 Sup. Ct. 593, 33 L. Ed. 1025; Gulf, C. & S. F. R. R. Co. v. Ellis, 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666; Clark v. Titusville, 184 U. S. 329, 22 Sup. Ct. 382, 46 L. Ed. 569; American Sugar Ref. Co. v. Louisiana, 179 U. S. 89, 21 Sup. Ct. 43, 45 L. Ed. 102.

"Nothing in the federal Constitution prevents a state from singling out railroad and other corporate property and taxing it for state purposes in a manner and at a rate different from that applicable to other property" Michigan Central R. R. Co. v. Powers, 201 U. S. 245, 26 Sup. Ct. 459, 50 L. Ed. 744.

We are therefore of the opinion that Act 24, Extra Session of 1918, is applicable to the assessment of plaintiff's property for the year 1919, and that the act is a valid and constitutional exercise by the General Assembly of the taxing power of the state. The act is not discriminatory, but all in the class with plaintiff are treated alike.

The judgment of the lower court is correct, and it is affirmed, at appellant's cost.

On Application for Rehearing.

By the WHOLE COURT.

PER CURIAM. It appears that the views which we have expressed in the present suit are in conflict with the opinion in Colonial Sugars Co. v. Board of State Affairs et al. (two cases) 154 La. 971, 98 South. 546. If the former opinion is correct, the present opinion is incorrect, and vice versa.

After re-examining the legal questions involved, we prefer to adhere to our present opinion as containing the correct exposition of the law. Opinion in the cases of Colonial Sugars Co. v. Board of State Affairs et al., referred to supra, are, therefore, expressly overruled.

Rehearing refused.