GREAT ATLANTIC & PACIFIC TEA CO. v. VALENTINE et al. (THRIFT–WAY STORES, Inc., et al., Interveners).

GRAHAM DEPARTMENT STORES CO. et al. v. VALENTINE et al. (NEISNER BROS., Inc., et al., Interveners).

WALGREEN CO. v. VALENTINE et al. (LIGGETT DRUG CO., Inc., et al., Interveners).

Nos. 4583–4585.

District Court, S. D. Iowa, Central Division. Nov. 19, 1935.

Gamble, Read & Howland, of Des Moines, Iowa, for complainants and interveners.

Edward L. O'Connor, Atty. Gen., State of Iowa, Clair E. Hamilton, Asst. Atty. Gen., and John Connolly, Jr., and Irvin I. Schlesinger, both of Des Moines, Iowa, and Frank F. Messer, of Iowa City, Iowa, for defendants.

Before GARDNER, Circuit Judge, and JOYCE and DEWEY, District Judges.

DEWEY, District Judge.

These are actions wherein the complainants attack the constitutionality of chapter 75 Acts of the 46th General Assembly of the state of Iowa, being House File 311 of said General Assembly, and known as the "Chain Store Tax Act of 1935." The act, so far as here pertinent, is set out in the margin of this opinion.

The issues are succinctly stated by the defendants in their written brief as follows:

"It is alleged in the complaints and petitions of intervention that the Act is unconstitutional and void in that it deprives the complainants and interveners of the equal protection of the laws and abridges the privileges and immunities conferred by law upon them. That it, therefore, violates the Fourteenth Amendment of the Federal Constitution and is also violative of section 6, article 1, and section 30, article 3 of the Constitution of the State of Iowa.

"It is also alleged that the Act violates section 29 of article 3 of the Constitution of the State of Iowa, in that it embraces more than one subject not mentioned in the title.

"Complainants and interveners base their contention that the Act is violative of the equal protection guarantees of the

Federal and State Constitutions on the ground that it is discriminatory and that the tax does not fall justly and equally upon those subject to it. And that it is arbitrary because of certain exemptions granted.

"Defendants deny that any portion of the Act is unconstitutional for any of the reasons alleged, making specific denials to each allegation contained in the complaints and petitions of intervention; and allege that the Act is valid and constitutional."

A temporary restraining order against the defendants from enforcing the collection of the tax was issued at or about the time of the filing of the complaints, and by agreement of the parties, the suit came on for hearing on its merits before a three-judge court, duly constituted, on the 26th day of September, 1935, at which hearing oral evidence was introduced and the cause continued and final hearings were had and the cause submitted on the 14th day of October, 1935. The evidence is mostly in the form of depositions.

The complainants are, respectively, a New York corporation, engaged in the business primarily of selling food or food products in various states of the United States; a corporation organized under the laws of Delaware, but having its principal business office in the city of Uttumwa, Iowa, engaged in the business of operating retail dry goods stores; and a corporation organized under the laws of Illinois, engaged in selling articles usually handled in retail drug stores, including cooked foods, drinks, and beverages. Sixteen individuals, partnerships and corporations, proprietors of two or more stores, selling various lines of merchandise, intervene as plaintiffs.

Complainants and defendants have each filed requests for findings of fact and conclusions of law.

The facts are not greatly in dispute, the parties having established those facts that they feel support their contentions, and this court has found the facts for the record from those proposed by either party, deleting only those proposed findings of fact which we do not find are established by or fairly deduced from the evidence or are objectionable as argumentative, conclusions of law, or are clearly irrelevant. These facts are so found by this court in each case, together with its conclusions of law, and decrees have been

simultaneously filed with this memorandum opinion.

While the issues are raised, the defendants do not press questions as to the jurisdiction of the court, and the defendants at the time of the oral argument stated that they made no claim of the complainants having failed to exhaust administrative remedies.

▮ We find that federal constitutional questions are involved giving the court jurisdiction of the parties and subject-matter, including the charge of violations of the State Constitution, that the suit is not against the state of Iowa, and that the complainants have no adequate remedy at law.

The parties are principally concerned with the claim that the Chain Store Tax Act denies to the complainants, individually and as members of a class, the equal protection of the laws; is arbitrary and discriminatory, and thus violates the Fourteenth Amendment to the Constitution of the United States.

The section of the State Constitution which is also alleged to be violated by this claim is the provision of section 6 of article 1 of the Constitution of the state of Iowa, which provides as follows: "All laws of a general nature shall have a uniform operation; the General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms shall not equally belong to all citizens."

The Supreme Court of Iowa has in effect interpreted the provision of section 6 of article 1 of its State Constitution as imposing substantially the same restrictions upon the power of the Legislature as are imposed on the states by the Fourteenth Amendment to the Constitution of the United States. McGuire v. Railway Co., 131 Iowa, 340, 108 N.W. 902, 33 L.R.A. (N.S.) 706; State v. Osborne, 171 Iowa, 678, 154 N.W. 294, Ann.Cas. 1917E, 497. We shall therefore give the charge that the act violates said section 6 no separate consideration, and it is unnecessary to consider other alleged violations of the State Constitution, as being without merit as to section 4 (a).

Recent decisions of the Supreme Court of the United States with reference to the power of states to tax chain stores, or stores with one or more units, aid in limit-

ing the questions here to be determined. Section 4 (a) provides for a license or occupation tax.

■ A classification of chain stores as such for the purpose of imposition of a license or occupation tax is proper. State Board of Tax Commissioners v. Jackson, 283 U.S. 527, 51 S.Ct. 540, 75 L.Ed. 1248, 73 A.L.R. 1464; Liggett Co. v. Lee, 288 U.S. 517, 53 S.Ct. 481, 77 L.Ed. 929, 85 A.L.R. 699; Fox v. Standard Oil Co. (W.Va.) 294 U.S. 87, 55 S.Ct. 333, 79 L. Ed. 780; Stewart Dry Goods Company v. Lewis (Ky.) 294 U.S. 550, 55 S.Ct. 525, 79 L.Ed. 1054. In State Board of Tax Commissioners v. Jackson, supra, 283 U.S. 527, page 537, 51 S.Ct. 540, 543, 75 L.Ed. 1248, 73 A.L.R. 1464, it is said: "A very wide discretion must be conceded to the legislative power of the state in the classification of trades, callings, businesses, or occupations which may be subjected to special forms of regulation or taxation through an excise or license tax. If the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law."

■ The defendants claim that under these decisions the classification is proper and the taxes sought to be exacted are occupational taxes upon a method of conducting business, and that the power of the state of Iowa to impose such taxes is absolute, and that this tax, being an occupational tax on conducting a business by a system of chain stores, is within that power and violative of none of the provisions of the Constitution of the United States. Complainants insist that the tax and especially that provided by section 4 (b) is not an occupation tax, but a gross sales tax, and comes within the limitation of the power of the Legislature by the Fourteenth Amendment as being discriminatory, arbitrary, and capricious, and condemned by the Supreme Court of the United States in the Stewart Case, supra.

While the Iowa chain store tax law here under consideration is in some particulars different from the Kentucky statute under consideration by the Supreme Court in the Stewart Case, supra, we are of the opinion that as we find and have found that there are similar controlling facts in the two cases, that this case is governed by the pronouncements in the Stewart Case.

The classifications are different, as in the case at bar the tax under consideration is only imposed upon retail stores having more than one separate unit, while under the Kentucky statute the classification included all retail stores. Under the Kentucky act the maximum exaction upon gross sales of the retailer was limited to 1 per cent., while here the maximum exaction which under the act is applicable to some of the litigants in these cases amounts to approximately 5 per cent. on the gross receipts from sales. Another difference is that the Kentucky statute provided for a percentage tax on each graduated classification of gross sales, while under the Iowa law the tax is a flat amount on each such graduated classification.

In these particulars the cases are different, but we are unable to say that such differences permit the escape of a similar condemnation as being arbitrary and discriminatory under the pronouncements in the Stewart Case. The additional and higher brackets with corresponding increase in the gross sales tax in the Iowa statute make the discrimination more apparent. The limitation in the classification to the taxation of chain stores only could not change the nature of the tax, and this would be true, giving consideration to the distinctive business species of the chain stores and all economic and welfare questions which are brought about by their advantages in making sales. Such questions might well bear on the propriety of the classification, but not on what constitutes the form or nature of a tax.

Nor are we able to find any legal or rational difference between an assessment on a graduated classification of gross sales on a percentage basis as against such an assessment in a flat amount where the question is whether it is a tax on the person or sale. Western Union Telegraph Co. v. Texas, 105 U.S. 460, 465, 26 L.Ed. 1067; Quaker City Cab Co. v. Penna., 277 U.S. 389, 48 S.Ct. 553, 72 L.Ed. 927; Indian Motocycle Co. v. United States, 283 U.S. 570, 51 S.Ct. 601, 75 L.Ed. 1277; Stewart Dry Goods Co. v. Lewis, 294 U.S. 550, 55 S.Ct. 525, 79 L.Ed. 1054. As said by the Supreme Court of Wisconsin in the case of Ed. Schuster & Co., Inc., v. Henry, 261 N.W. 20, 22, in considering a Wisconsin chain store statute similar to that of Iowa, they are the same "in substance and legal effect."

We think it is fairly established by the opinions of the Supreme Court of the

United States that a separate tax may be imposed upon chain stores as a class if it be in the form of an income tax, or upon a flat tax on a number of stores or on the amount of sales, but such cases are clearly distinguished in the Stewart Case, where the differences are as there pointed out in discussing the case of Clark v. Titusville, 184 U.S. 329, 22 S.Ct. 382, 46 L.Ed. 569, in 294 U.S. 550 on page 564, 55 S.Ct. 525, 531, 79 L.Ed. 1054, as follows: "The purpose [in the Titusville Case] was to charge a larger license fee to a larger business. Any tax measured by a fixed and uniform percentage of gross sales would impose a heavier burden on the taxpayer having the greater volume of sales. The excise here involved is not of that sort; the sum exacted from the merchant doing the larger business being not only greater in gross amount, but larger in proportion to sales, than that demanded of his smaller competitor."

In section 4 (b) of the Iowa statute we find the tax determined on a basis of the amount of gross sales of merchandise on an accumulative graduated scale and at a fixed rate on each such classification. It thereby becomes indirectly a tax upon each sale and results in an exaction of taxes in the larger graduated class in a greater amount and proportion than those exacted from a business doing the same thing where the amount of the gross sales is smaller. For instance, a merchant in the first class under section 4 (b) doing a business of $50,000 a year would pay a tax of $\frac{1}{20}$ of 1 per cent. on each dollar of goods sold; the eighth class chain store doing a business of $500,000 would pay a tax of $\frac{14}{20}$ of 1 per cent. on each dollar; the chain store in the last class doing a business of more than $9,000,000 would pay a tax of approximately $\frac{120}{20}$ of 1 per cent., or 6 per cent., on each dollar of goods sold, and 120 times the rate provided for the gross sales in the smallest classification.

Cases decided since the decision in the Stewart Case where the tax is based on graduated gross sales have held the tax arbitrary and in violation of the equal protection clause of the Constitution. They are: A nisi prius decision by a state (Fla.) court and a three-judge court construing a chain store tax in Florida. Lane Drug Stores v. Lee (D.C.) 11 F.Supp. 672; Great Atlantic & Pacific Tea Co. v. Harvey, 107 Vt. 215, 177 A. 423. The statutes construed by those courts provided for a percentage taxation on separate graduated classification of gross sales.

The Supreme Court of Wisconsin, in the case of Ed. Schuster & Co., Inc. v. Henry, 261 N.W. 20, (certiorari to the Supreme Court of the United States denied (Henry v. Wadhams Oil Co., 56 S.Ct. 148, 80 L.Ed. ——) on or about October 22, 1935), and the Supreme Court of New Mexico in the case of Safeway Store, Inc. v. Vigil, —— N.M. ——, —— P.(2d) ——,[1] considered identical statutes as here under consideration and found them unconstitutional under the authority of the Stewart Case. It will not aid to reiterate the reasoning therein found to support our conclusion. That part of the Iowa statute known as section 4 (b) will have to be held unconstitutional under the reasoning in the Stewart Case, the last paragraph of which is as follows (294 U.S. 550, 566, 55 S.Ct. 525, 532, 79 L.Ed. 1054): "The law arbitrarily classifies these vendors for the imposition of a varying rate of taxation, solely by reference to the volume of their transactions, disregarding the absence of any reasonable relation between the chosen criterion of classification and the privilege the enjoyment of which is said to be the subject taxed. It exacts from two persons different amounts for the privilege of doing exactly similar acts because the one has performed the act oftener than the other. We hold the act unconstitutional, and reverse the judgment."

 We further find that the tax provided in section 4 (a) of the act is an occupational tax on business and clearly constitutional under the authority of Fox v. Standard Oil, 294 U.S. 87, 55 S.Ct. 333, 79 L.Ed. 780, unless the exemptions provided for in the act make of the chain stores remaining an arbitrary classification and thus deny to them the equal protection of the laws.

### Exemptions.

The following appears in section 3 of the Iowa Act:

"There are specifically exempted from the provisions of the act and from the computation of the amount of tax imposed by it the following:

"a. Cooperative associations not organized for profit under the laws of this state in good faith and not for the purpose or

---

[1] Not released by court at date of publication.

with the intent of evading the tax hereby imposed. * * *

"c. Persons selling at retail one or more of the following products: coal, ice, lumber, grain, feed, building materials (not including builders and general hardware, glass and paints) if the total retail sales of any such person or persons of such products within the state shall, during such taxable year, exceed ninety-five (95) per cent of the total retail sales of all sources within the state of any such person or persons. * * *

"e. Hotels or rooming houses, including dining rooms or cafes operated in connection therewith and by the same management."

And by the terms of section 18 of said act, it is expressly provided: "This act shall not apply to any stores owned or operated by any person, firm, or corporation when all of said stores so owned or operated, are located in unincorporated villages and no store is more than six (6) miles distant from every other store so owned or operated."

Exemptions (b) and (d) are omitted as they are not relied upon by complainants in argument and we omit (d) as the Legislature may well have considered that the co-operative associations and corporations are made up of independently owned stores, clearly distinguishable from the general classification of chain stores selling merchandise at retail under the same general management or control.

The rule as to classifications is laid down in the case of State Board of Tax Commissioners v. Jackson, 283 U.S. 527, 537, 51 S.Ct. 540, 543, 75 L.Ed. 1248, 73 A.L.R. 1464, as follows:

"The power of taxation is fundamental to the very existence of the government of the states. The restriction that it shall not be so exercised as to deny to any the equal protection of the laws does not compel the adoption of an iron rule of equal taxation, nor prevent variety or differences in taxation, or discretion in the selection of subjects, or the classification for taxation of properties, businesses, trades, callings, or occupations. [Citing cases.] The fact that a statute discriminates in favor of a certain class does not make it arbitrary, if the discrimination is founded upon a reasonable distinction * * * or if any state of facts reasonably can be conceived to sustain it. * * * As was said in Brown-Forman Co. v. Ken-

tucky, supra, 217 U.S. 563, at page 573, 30 S.Ct. 578, 580 [54 L.Ed. 883]:

"'A very wide discretion must be conceded to the legislative power of the state in the classification of trades, callings, businesses, or occupations which may be subjected to special forms of regulations or taxation through an excise or license tax. If the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law.'"

These rules are subject to another general rule that the classification must rest upon some ground of difference having a fair and substantial relation to the object of the legislation so that all persons in similar circumstances shall be treated alike. Gulf, Colo. & Santa Fé Ry. Co. v. Ellis, 165 U.S. 150, 17 S.Ct. 255, 41 L.Ed. 666; Royster Guano Co. v. Virginia, 253 U.S. 412, 415, 40 S.Ct. 560, 64 L.Ed. 989; Truax v. Corrigan, 257 U.S. 312, 335, 42 S.Ct. 124, 66 L.Ed. 254, 27 A.L.R. 375; Louisville Gas & Electric Co. v. Coleman, 277 U.S. 32, 37, 48 S.Ct. 423, 72 L.Ed. 770; Ohio Oil Co. v. Conway, 281 U.S. 146, 160, 50 S.Ct. 310, 74 L.Ed. 775. Can there be found in the businesses that are exempted a reasonable distinction from those that are taxed, or can a state of facts reasonably be conceived to sustain the classification with these exemptions?

The object or purpose of the Legislature can be arrived at only by considering the entire act, including its exemption provisions, and in the light of the evidence as to the method and manner of conducting chain stores. Witnesses for the defendants have pointed out their reasons for believing that the chain stores exempted, including hotels, do not possess all the advantages enjoyed by the chains of the classes represented by claimants and interveners and have given their opinions as to certain economic and social differences. Also that hotel restaurants should be considered as integral parts of the hotel, maintained principally for the convenience of guests and not in competition with chain restaurants. These are debatable questions that may have been considered by the Legislature.

We are content with a finding that the chain stores exempted sell in general a different line of merchandise or service than do the complainants or interveners, and that the amount of any goods sold by

768

the latter in competition are negligible in size or amount.

What we have here said is meant to apply only to the occupational tax of section 4 (a).

A business or occupational tax is similar in purpose and legal effect to a license fee. A license fee or tax has often been upheld on certain lines of business and divisions of such business. Many of these cases are collected and reviewed in the case of Board of Tax Commissioners v. Jackson, supra.

If the Legislature can lay a license tax on a certain kind of business, it may group certain lines and omit others. And this applies to the exemption provided in section 18 of the act, as the exemption there is directed to a kind or type of business and is not an exemption based solely on location.

We are satisfied that the exemptions do not create an arbitrary classification for the imposition of an occupational tax or license and do not violate constitutional limitations either of state or nation.

It is unnecessary to consider the effect of these exemptions upon the tax sought to be imposed by section 4 (b) of the act as we have already determined its invalidity.

The act is sustained in all its parts with the exception of subdivision (b) of section 4.