## HOPE NATURAL GAS COMPANY *v.* HALL, STATE TAX COMMISSIONER, ET AL.

ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF WEST VIRGINIA.

No. 815. Argued April 21, 1927.—Decided May 16, 1927.

1. A state court's construction of a state statute is to be gathered from the application made of it as shown by the final decree in connection with the opinion rather than by excerpts selected from the opinion. P. 288.

2. West Virginia " annual privilege tax " on the business of producing natural gas in the State, computed on the value of the gas produced " as shown by the gross proceeds derived from the sale thereof by the producer "—the measure of the tax being otherwise stated as " the value of the entire production in this State, regardless of the place of sale, or the fact that deliveries may be made to points outside the State,"—is not unconstitutional as respects gas transported to and sold in other States, since it is construed as requiring the tax to be computed on the value of the gas at the well, before it enters interstate commerce, which is valid. P. 288.

3. The contention that the tax violates due process by taxing gross receipts from interstate commerce beyond the jurisdiction of the State, therefore, is without basis. P. 288.

4. The exemption from gross proceeds of $10,000, allowed by the statute in all cases, does not violate the Equal Protection Clause. P. 289.

102 W. Va. 272, affirmed.

ERROR to a decree of the Supreme Court of Appeals of West Virginia, which reversed a decree enjoining Hall, Tax Commissioner, and Lee, Attorney General, from enforcing against the plaintiff, Hope Natural Gas Company, the taxing act discussed in the opinion.

*Mr. John W. Davis,* with whom *Messrs. H. D. Rummel, Arthur E. Young, Charles Powell, Kemble White, Anthony F. McCue, S. E. W. Burnside,* and *Edward M. Borger* were on the brief, for plaintiff in error.

*Mr. Fred O. Blue,* with whom *Messrs. Howard B. Lee,* Attorney General of West Virginia, and *T. C. Townsend* were on the brief, for defendants in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

This writ brings up a decree by the Supreme Court of Appeals, West Virginia, which construed § 2-a, c. 1, Acts of the Legislature, Extraordinary Session 1925,* and sus-

---

* An Act to provide for the raising of additional public revenue by a tax upon the privilege of engaging in certain occupations; to provide for the ascertainment, assessment, and collection of such tax; to provide penalties for violations of the terms hereof; and to repeal certain statutes, [passed by the Legislature of West Virginia June 5, 1925].

Sec. 2. That from and after the thirtieth day of June, one thousand nine hundred twenty-five, there is hereby levied and shall be collected annual privilege taxes against the persons, on account of the business activities, and in the amounts to be determined by the application of rates against values or gross income, as the case may, as follows:

Sec. 2-a. Upon every person engaging or continuing within this state in the business of mining and producing for sale, profit, or use,

tained it against objections based upon § 8, Art. I, Federal Constitution and the Fourteenth Amendment. The grounds relied upon for reversal are without merit and the decree must be affirmed.

The original proceeding challenged the validity of the tax prescribed by § 2-a and sought an injunction to prevent defendant State officers from attempting to enforce it. The chief objection rested upon the direction of the statute that, " The measure of this tax is the value of the entire production in this State, regardless of the place of sale or the fact that deliveries may be made to points outside the State." The trial court held that the tax would substantially burden and interfere with interstate commerce and ordered an appropriate injunction.

In an opinion, 102 W. Va. 272, indicating very definite purpose to follow rulings here, the court below, as shown by the authoritative head note, declared: " Under Section

---

any coal, oil, natural gas, limestone, sand or other mineral product, or felling and producing timber for sale, profit, or use, the amounts of such tax to·be equal to the value of the articles produced as shown by the gross proceeds derived from the sale thereof by the producer (except as hereinafter provided), multiplied by the respective rates as follows: coal, forty-two one-hundredths of one per cent.; oil, one per cent.; natural gas, one and seventeen-twentieths of one per cent.; limestone, sand or other mineral product, nine-twentieths of one per cent. The measure of this tax is the value of the entire production in this state, regardless of the place of sale or the fact that deliveries may be made to points outside the state.

. . . .

Sec. 2-h. In computing the amount of tax levied hereunder, however, for any year, there shall be deducted from the values, or from the gross income of the business, as the case may be, an exemption of ten thousand dollars of the amount of such values or gross income. Every person exercising any privilege taxable hereunder for any fractional part of a tax year shall be entitled to an exemption of that part of the sum of ten thousand dollars which bears the same proportion of the total sum that·the period of time during which such person is engaged in such business bears to a whole year.

2a, Chapter 1, *supra,* the State may take into considera-
tion the gross proceeds of a commodity produced in this
State and sold in another State, but only for the purpose
of determining the value of such commodity *within the
State* and before it enters interstate commerce." And
among other things it there said—

"If the taxation value of the products named in the
statute be limited to their value *in the State,* and before
they enter interstate commerce, the statute does not
manifest a purpose to violate Art. I of the Federal Con-
stitution, and we so hold." "We therefore hold, under
the facts in this case, that the defendants may not treat
the gross proceeds of plaintiff's sales outside the State as
the worth of its gas within the State, but that they may
enforce the Act upon the value thereof *within the State,*
and *before it enters interstate commerce.* The injunction
herein will be accordingly so modified."

The final order directed: "That the decree of the Cir-
cuit Court of Kanawha County, pronounced in this cause
on the 25th day of May, 1926, in so far and in so far
only as it enjoins the defendants from enforcing against
the plaintiff the provisions of Sec. 2-a of . . . by
imposing a tax upon the natural gas produced by the
plaintiff, based upon the value thereof within the State
and before it enters interstate commerce, be and the
same hereby is modified and corrected so as to permit
defendants to impose and enforce against the plaintiff a
tax, under said section, upon the natural gas so produced
by it, based upon the value thereof within the State and
before it enters upon interstate commerce, and that in
all other respects said decree as hereby modified and
corrected be and the same hereby is affirmed."

The chief business of plaintiff in error is production and
purchase of natural gas in West Virginia and the continu-
ous and uninterrupted transportation of this through pipe
lines into Pennsylvania and Ohio, where it is sold, deliv-

ered and consumed. The corporation owns three thousand, one hundred and seventy-eight producing wells located in twenty-five counties of West Virginia, from which it took in the year ending June 30, 1925, more than twenty-three billion cubic feet of gas. And during the same period it purchased from other producers more than twenty-five billion cubic feet. Most of this passed into interstate commerce by continuous movement from the wells.

Here it has been argued that the challenged Act burdens interstate commerce and therefore conflicts with Section 8, Article I, of the federal Constitution. Also, that to enforce the Act would deprive plaintiff in error of property without due process of law and deny equal protection of the laws.

Counsel admit that without violating the commerce clause the State may lay a privilege or occupation tax upon producers of natural gas reckoned according to the value of that commodity at the well. *American Mfg. Co. v. St. Louis,* 250 U. S. 459; *Heisler* v. *Thomas Colliery Co.,* 260 U. S. 245; *Oliver Iron Co.* v. *Lord,* 262 U. S. 172. But they insist that, accepting the statute under consideration as construed by the highest court of the State, plaintiff in error will be subjected to an unlawful direct tax upon gross receipts derived from interstate commerce. This argument rests chiefly upon certain language excerpted from the opinion below. But we review the final decree and must accept the statute as authoritatively construed and applied. The plain result of the opinion and final decree is to require that the tax be computed upon the value of the gas at the well, and not otherwise. If, hereafter, executive officers disregard the approved construction and fix values upon any improper basis appropriate relief may be obtained through the courts.

The suggestion concerning deprivation of due process goes upon the assumption that the imposition is upon

gross receipts from interstate commerce, in reality upon property beyond the State's jurisdiction. As already pointed out, this assumption conflicts with the definite ruling of the highest court of the State.

The claim that equal protection of the laws has been denied rests upon the assertion, first, that an unlawful tax has been imposed upon the gross proceeds from sales regardless of their place and, second, that the exemption of ten thousand dollars from gross income by § 2-h creates undue inequality. The true meaning of the statute and the thing actually taxed oppose the first assertion. We cannot say that the Legislature acted either arbitrarily or unreasonably by authorizing the deduction. Nothing indicates a purpose to extend different treatment to those of the same class; no actual unreasonable inequality has been shown. Plaintiff in error is permitted to deduct ten thousand dollars; the same privilege, and nothing more, is extended to all other producers. *Lake Superior Mines* v. *Lord,* 271 U. S. 577; *Swiss Oil Corporation* v. *Shanks,* 273 U. S. 407.

*Affirmed.*

The CHIEF JUSTICE took no part in the consideration or decision of this cause.

