## LARABEE FLOUR MILLS CO. v. NEE, Collector of Internal Revenue, et al.

### No. 2725.

District Court, W. D. Missouri, W. D.

June 24, 1935.

Oppenheimer, Dickson, Hodgson, Brown & Donnelly, of St. Paul, Minn., and Blatchford Downing and H. M. Noble (of McCune, Caldwell & Downing), both of Kansas City, Mo., for plaintiff.

Thomas Costolow, Asst. Dist. Atty., and Maurice M. Milligan, Dist. Atty., both of Kansas City, Mo., for defendants.

REEVES, District Judge.

The plaintiff has filed its bill for relief against the processing tax imposed under the Agricultural Adjustment Act, chapter 26, title 7, United States Code (7 USCA § 601 et seq.), relating to the subject of agriculture.

Sundry reasons are assigned for such relief. Among others, it is claimed by the plaintiff that the imposition of a tax under the act is so arbitrary and indefinite as not to constitute a tax within the meaning of the law. Moreover, plaintiff says that the imposition and exaction of the tax will ruin its business.

These allegations are made so as to avoid the application of section 154, title 26, United States Code (26 USCA § 154), relating to the subject of internal revenue. The latter section specifically provides that, "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

This provision has been observed and enforced uniformly by the courts, save only in those extraordinary cases where there are exceptional circumstances. Such circumstances may not only involve the in-

validity of the tax, but it may also involve a matter of ruin to the taxpayer.

An important case applicable in this contention is Miller v. Standard Nut Margarine Co., 284 U. S. 498, 52 S. Ct. 260, 76 L. Ed. 422; this case was decided by a divided court. Two of the judges were of the opinion that under all circumstances the collector should be immune from restraint. However, a majority of the court believed that the collector should be restrained in that case because for years and years the commissioner of internal revenue had declined to impose a tax on the particular product involved and the taxpayer had been so notified. It had built up its business upon the theory of immunity from taxation. The commissioner changed his mind about the tax and then imposed the tax which was so extremely burdensome that, according to the testimony, it meant inevitable ruin to the taxpayer. Under such "exceptional" circumstances, relief was granted.

In the case at bar it did not appear from the arguments of counsel nor from an examination of the bill that there existed such exceptional circumstances.

■ The government has made provision in all cases to deal justly with taxpayers, and the very fact that the act under consideration does not specifically point out available funds out of which the taxpayer may be reimbursed, if the tax should be unlawfully exacted, does not warrant the plaintiff in assuming that no such provision would be made. Provision is made for the recovery at law of illegally exacted taxes. Congress would undoubtedly provide funds for the satisfaction of judgments recovered in that behalf.

■■ Such processing tax must be classed as a tax and not as a penalty; the design of the tax was to raise money for certain uses enumerated in the statute. It was not designed to prohibit processing of grain, but the whole purpose was to enable the government to gather funds with which to relieve a distressful economic situation. Whether the tax was legal is not to be decided here for the reason that the courts have repeatedly stated that equity would not interfere merely because the tax was illegal or founded upon an unconstitutional act.

■ The plaintiff cannot properly urge rumination of its business as the ground for an interference with the collection of the tax. It has been paying the tax. The statute applies indiscriminately upon all processors, such as the plaintiff. It has every opportunity to pass the amount of the tax on to the consumer. The fact that competition is sharp and probably fatal to some of the processors is not a good reason for asking relief from the burden of the tax.

A similar reason was assigned in the New York Milk Case (Nebbia v. People of New York) 291 U. S. 502, 54 S. Ct. 505, 78 L. Ed. 940, 89 A. L. R. 1469, but disregarded by the court. The processors in their eagerness to do business cannot escape the burden of the tax by putting their prices so low that by the payment of tax they would find themselves in financial ruin. This identical reason could be assigned in behalf of many taxpayers, and, if good, thus embarrass the revenues of the government.

The application for a restraining order will be denied, and since the whole object of the suit is to restrain the collection of the tax, no good purpose would be served by permitting the cause to pend.

Accordingly, the motion of defendants to dismiss the bill will be sustained.