**GOLD MEDAL FOODS, Inc., v. LANDY, and fifteen other cases.**

**Nos. 2849, 2848, 2850–2862.**

**District Court, D. Minnesota, Fourth Division.**

**July 11, 1935.**

Nos. 2849, 2850, 2856, 2857:

Kingman, Cross, Morley & Cant and Kenneth Taylor, all of Minneapolis, Minn., for Gold Medal Foods, Inc., International Milling Co., Cannon Valley Milling Co., and H. H. King Flour Mills Co.

No. 2851:

A. C. Remele and Cobb, Hoke, Benson, Krause & Faegre, all of Minneapolis, Minn., for King Midas Mill Co.

No. 2852:

Cobb, Hoke, Benson, Krause & Faegre, of Minneapolis, Minn., for Russell-Miller Milling Co.

Nos. 2853, 2854:

Clark Hempstead and Bradshaw Mintener, both of Minneapolis, Minn., for Pillsbury Flour Mills Co. and Harvey Paper Mills Co.

No. 2855:

Somsen, Dempsey, Johnson & Somsen, of New Ulm, Minn., for Eagle Roller Mill Co.

Nos. 2859, 2860:

Somsen, Dempsey, Johnson & Somsen and Flor & Reim, all of New Ulm, Minn., for Springfield Milling Co. and New Ulm Roller Mill Co.

Nos. 2861, 2862:

William Furst, of Minneapolis, Minn., for Tennant & Hoyt Co. and Crookston Milling Co.

No. 2850:

Brown, Somsen & Sawyer, of Winona, Minn., for Bay State Milling Co.

Nos. 2849, 2848:

W. H. Oppenheimer and M. J. Brown, both of St. Paul, Minn., for J. T. McMillan Co. and Commander Milling Co.

George F. Sullivan, U. S. Dist. Atty., Linus J. Hammond, Asst. U. S. Dist. Atty., both of St. Paul, and J. E. Garvey, Sp. Asst. to Atty. Gen., for the United States.

Before MOLYNEAUX, NORDBYE, and JOYCE, District Judges.

PER CURIAM.

In equity cases Nos. 2849, 2850, 2851, 2852, 2853, 2854, 2855, 2856, 2857, 2859, 2860, 2861, and 2862 pending in this Division, and equity cases Nos. 2848, 2849, and 2850 pending in the Third Division of this District, the plaintiffs question the constitutionality of certain provisions of the Agricultural Adjustment Act (7 USCA § 601

et seq.) as detailed in their various bills of complaint, and attack the legality of the processing taxes levied thereunder. In this motion they are seeking the issuance of temporary injunctions directed to James R. Landy, individually and as Collector of Internal Revenue of the District of Minnesota, enjoining the collection of processing taxes, and from proceeding in the various ways set forth in the prayers of said complaints. In equity cases Nos. 2848 and 2849, Third Division, George F. Sullivan, United States attorney, is made a party. It is to be observed that in all the cases the government has filed motions to dismiss.

The constitutionality of the processing taxes involved herein is questioned principally on the following grounds:

First, because the so-called tax is imposed to raise funds, not for the support of the government, but for the benefit of a private class of individuals. Citizens' Sav. & Loan Association v. Topeka, 20 Wall. 655, 22 L. Ed. 455; Parkersburg v. Brown, 106 U. S. 487, 1 S. Ct. 442, 27 L. Ed. 238; Cole v. La Grange, 113 U. S. 1, 5 S. Ct. 416, 28 L. Ed. 896; Deal v. Mississippi County, 107 Mo. 464, 18 S. W. 24, 14 L. R. A. 622; People v. Township Board of Salem, 20 Mich. 452, 4 Am. Rep. 400; Michigan Sugar Co. v. Dix, 124 Mich. 674, 83 N. W. 625, 56 L. R. A. 329, 83 Am. St. Rep. 354; Dodge v. Mission Tp. (C. C. A. 8) 107 F. 827, 54 L. R. A. 242.

Second, because it is an attempt on the part of the federal government to regulate production within the states. Coe v. Errol, 116 U. S. 517, 6 S. Ct. 475, 29 L. Ed. 715; Kidd v. Pearson, 128 U. S. 1, 20, 9 S. Ct. 6, 32 L. Ed. 346; United States v. E. C. Knight Co., 156 U. S. 1, 13, 15 S. Ct. 249, 39 L. Ed. 325; Hammer v. Dagenhart, 247 U. S. 251, 272, 38 S. Ct. 529, 62 L. Ed. 1101, 3 A. L. R. 649, Ann. Cas. 1918E, 724; Crescent Cotton Oil Co. v. Mississippi, 257 U. S. 129, 136, 42 S. Ct. 42, 66 L. Ed. 166; Child Labor Tax Case, 259 U. S. 20, 42 S. Ct. 449, 66 L. Ed. 817, 21 A. L. R. 1432; Hill v. Wallace, 259 U. S. 44, 42 S. Ct. 453, 66 L. Ed. 822; United Mine Workers v. Coronado Coal Co., 259 U. S. 344, 407, 408, 42 S. Ct. 570, 66 L. Ed. 975, 27 A. L. R. 762; Heisler v. Thomas Colliery Co., 260 U. S. 245, 246, 259, 43 S. Ct. 83, 67 L. Ed. 237; Oliver Iron Mining Co. v. Lord, 262 U. S. 172, 176, 178, 43 S. Ct. 526, 67 L. Ed. 929; Hope Natural Gas Co. v. Hall, 274 U. S. 284, 47 S. Ct. 639, 71 L. Ed. 1049;

United Leather Workers' Union v. Herkert & Meisel Trunk Co., 265 U. S. 457, 465, 44 S. Ct. 623, 68 L. Ed. 1104, 33 A. L. R. 566; Utah Power & Light Co. v. Pfost, 286 U. S. 165, 181, 52 S. Ct. 548, 76 L. Ed. 1038; Champlin Refining Co. v. Corporation Comm., 286 U. S. 210, 235, 52 S. Ct. 559, 76 L. Ed. 1062, 86 A. L. R. 403; Federal Compress Co. v. McLean, 291 U. S. 17, 54 S. Ct. 267, 73 L. Ed. 622; Chassaniol v. Greenwood, 291 U. S. 584, 54 S. Ct. 541, 78 L. Ed. 1004; Penn Bros. v. Glenn (D. C.) 10 F. Supp. 483, 487.

Third, because of an unlawful delegation of legislative authority to the executive officers of the government. A. L. A. Schechter Poultry Corp. v. United States, 55 S. Ct. 837, 79 L. Ed. 1570; Panama Refining Co. v. Ryan, 293 U. S. 388, 55 S. Ct. 241, 79 L. Ed. 446.

On hearing, no argument was tendered by the defendants in support of the constitutionality of the act.

We are not unmindful that no presumption is more thoroughly recognized than that an Act of Congress does not exceed the authority granted by the Constitution. "This presumption is especially strong when the issue is raised in the District Court in a case involving a statute of great public importance." Franklin Process Co. v. Hoosac Mills Corporation (D. C.) 8 F. Supp. 552, 562.

However, we do not determine at this time that any of the provisions of the act in question are unconstitutional. A reading of the cases cited above, however, amply supports the view that the constitutionality of the act is subject to serious doubt. It is sufficient to justify temporary injunctive relief if there exists serious or probable cause to believe that the taxes so authorized are unconstitutional under circumstances coming within any recognized rule of equitable jurisdiction. In the case of Shubert v. Woodward (C. C. A.) 167 F. 47, 60, it was recognized that "* * * A preliminary injunction maintaining the status quo may properly issue, and that an appellate court will not disturb it, when the questions of law or fact to be ultimately determined in the suit are grave and difficult, and injury to the moving party will be immediate, certain, and great if it is denied, while the loss or inconvenience to the opposing party will be comparatively small and susceptible to full indemnification by a bond if it is granted."

■ The defendants earnestly urge that the circumstances as alleged in the complaints do not justify temporary injunctions in light of the specific provisions of section 3224 of the Revised Statutes (26 USCA § 154) relative to injunction against collection of taxes. This section provides: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

It should be observed that this provision is simply declaratory of a long-established principle of equity invoked by the courts in many cases antedating the enactment of this statute. See Dows v. City of Chicago, 11 Wall. 108, 20 L. Ed. 65; State Railroad Tax Cases, 92 U. S. 575, 613, 23 L. Ed. 663. The reasons for the rule generally recognized are as follows: (1) Delay in the collection of taxes may cause serious detriment to the public; (2) a court of equity lacks power to do complete justice in a tax case by making a new assessment of such part of the tax as it might find to be due; and (3) there is generally an adequate remedy at law.

The Supreme Court has recognized that the rule laid down in section 3224 is subject to exceptions.

"And this court likewise recognizes the rule that, in cases where complainant shows that in addition to the illegality of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collector. * * * It has never held the rule to be absolute, but has repeatedly indicated that extraordinary and exceptional circumstances render its provisions inapplicable." Miller v. Nut Margarine Co., 284 U. S. 498, 509, 52 S. Ct. 260, 263, 76 L. Ed. 422. See, also, Hill v. Wallace, supra; Dodge v. Brady, 240 U. S. 122, 126, 36 S. Ct. 277, 60 L. Ed. 560.

■ The complaints set forth that the plaintiffs therein are subject to a processing tax with respect to processing done prior to the commencement of this action, and that, as a result thereof, there is now due and payable various sums to the Collector of Internal Revenue. Further, there has been made to appear to the court that there is now pending, and was pending in Congress at the time of the commencement of these suits, a bill (H. R. 8492) which has already been passed by the House of Representatives and which has been introduced in the Senate and approved by the Senate Committee to which it was referred, to amend the Agricultural Adjustment Act by adding thereto a new section designated section 21. Paragraph (a) of that section prohibits the bringing or maintenance of any suit and the rendition of any judgment or decree for the recoupment, set-off, refund, or credit of any tax paid, collected, or accrued under the act prior to the date of the adoption of the amendment. Paragraph (a) of that section reads as follows: "No Federal or State court shall have jurisdiction to entertain a suit or proceeding against the United States or any collector of internal revenue or other internal-revenue officer or any person who has been such a collector or officer or the personal representative of any such collector, officer, or person (nor shall any such suit or proceeding be brought or maintained in, nor shall any judgment or decree be entered by, any such court) (1) for the recoupment, set-off, recovery, refund, or credit of, or on any counterclaim for, any amount of any tax, interest, or penalty, assessed, paid, collected, or accrued under this title prior to the date of the adoption of this amendment or (2) for damages for the collection thereof. Except pursuant to a final judgment or decree entered prior to the date of the adoption of this amendment, no recovery, recoupment, set-off, refund or credit of, or counterclaim for, any amount of any tax, interest, or penalty assessed, paid, collected, or accrued under this title prior to the date of the adoption of this amendment shall be made or allowed. The provisions of this subsection shall not apply to (1) any overpayment of tax which results from an error in the computation of the tax, or (2) duplicate payments of any tax, or (3) any refund or credit under subsection (a) or (c) of section 15, under paragraph (1) of subsection (e) of section 16, or under section 17 of this title, or (4) any refund or credit to the processor of any tax paid by him with respect to articles exported pursuant to the provisions of section 317 of the Tariff Act of 1930."

It must be apparent, therefore, that if the respective plaintiffs should pay the processing taxes which were due prior to the commencement of these actions, and if the proposed bill should thereafter become a law, plaintiffs will be wholly without remedy and without the right to bring any action against the collector for the refund of

the taxes so paid. The plaintiffs are thus placed in a dilemma from which the only means of relief is invoking the equitable jurisdiction of this court; either they must pay the tax and run the risk of being deprived of the right to sue for refund, or they must refuse to pay, thereby subjecting themselves and their officers to the criminal penalties prescribed by section 1114 of the Revenue Act of 1926 (44 Stat. 116, 26 US CA §§ 1265–1269), in addition to the other penalties provided by law. In the event plaintiffs fail to pay the tax when due, the Commissioner of Internal Revenue is authorized by law to impose an immediate assessment, pursuant to which the collector will be authorized to take steps to collect the tax by distraint or other summary process.

It should also be noted that paragraph (b) of section 21 provides as follows: "No suit, action, or proceeding (including probate, administration, receivership, and bankruptcy proceedings) shall be brought or maintained in any court if such suit, action, or proceeding is for the purpose or has the effect (1) of preventing or restraining·the assessment or collection of any tax imposed or the amount of any penalty or interest accrued under this title on or after the date of the adoption of this amendment, or (2) of obtaining a declaratory judgment under the Federal Declaratory Judgments Act in connection with any such tax or such amount of any such interest or penalty. In probate, administration, receivership, bankruptcy, or other similar proceedings, the claim of the United States for any such tax or such amount of any such interest or penalty, in the amount assessed by the Commissioner of Internal Revenue, shall be allowed and ordered to be paid, but the right to claim the refund or credit thereof and to maintain such claim pursuant to the applicable provisions of law, including subsection (d) of this section, may be reserved in the court's order."

Since the taxes, the collection of which the respective plaintiffs seek to have enjoined, have all accrued, it would appear that paragraph (b) above referred to will have no bearing upon the present actions. It would seem, therefore, to be unnecessary to consider whether it would be within the constitutional power of Congress to prohibit equitable relief against the collection of a tax, while at the same time depriving the taxpayer of the right to bring suit for refund, or otherwise test the legality of the collection.

Always, in construing section 3224 (26 USCA § 154), there has been preserved to the taxpayer his legal remedy for a refund of taxes improperly assessed and paid, but with the enactment of the proposed legislation, there will be summarily withdrawn from him any such opportunity for redress. The very security contemplated by section 3224 is now proposed to be withdrawn and the taxpayer left without recourse. It is idle to suggest that the taxpayer now has the remedy of refund because the proposed legislation has not as yet been enacted into a law, and it will not avail the defendants to urge that the proposed bill may never become a binding enactment. As stated by Judge Atwell of the Dallas District in G. B. R. Smith Milling Co. v. William A. Thomas et al., recently decided, 11 F. Supp. 833, in disposing of a case of like character, the law is "half passed," and common prudence justifies the apprehension that the uncontroverted status of the bill creates an imminent threat to the rights of these plaintiffs, and therefore is presented an appropriate case for the exercise of the equitable protection of this court. No hard and fast rule can be enunciated which envisages all of the unusual circumstances and extraordinary conditions which make available the application of equitable relief, notwithstanding section 3224, Rev. St. (26 USCA § 154), but we feel under the circumstances disclosed in the cases before us, no serious doubt exists that the instant situation presents ample justification for the issuance of temporary injunctions.

In addition to the allegation of facts in support of the application for injunctive relief, the bills allege that there is an actual controversy within the meaning of the Federal Declaratory Judgments Act (28 USCA § 400) existing between the several plaintiffs and the collector with reference to the constitutionality of the act and the validity of the taxes levied. In view of the fact that we find that the bills state sufficient facts to constitute a cause of action for injunctive relief, it is not necessary at this time to determine the applicability of the Federal Declaratory Judgments Act, and we pass this question without further comment. See, however, Penn Bros. v. Glenn, supra.

Due to the pendency of these actions in more than one division, it was deemed

advisable to expedite their determination by one hearing with three judges in attendance.

The motions to dismiss are denied by separate orders.