# INLAND MILLING CO. v. HUSTON.
## No. 4582.

District Court, S. D. Iowa, Central Division.
July 25, 1935.

814

Clyde B. Charlton (of Brammer, Brody, Charlton & Parker), and Thomas B. Roberts, both of Des Moines, Iowa, for plaintiff.

E. G. Moon, U. S. Atty., of Des Moines, Iowa, C. I. Level, Asst. U. S. Atty., of Denison, Iowa, and Wm. R. Sheridan, Asst. U. S. Atty., of Keokuk, Iowa, for defendant.

DEWEY, District Judge.

The plaintiff filed in this court on July 6, 1935, a bill of complaint. Upon presentation, a temporary restraining order was issued as against the defendant, and the matter was set down for hearing on July 20, 1935, on the application for a temporary injunction. On July 8, 1935, the defendant appeared and filed a motion to dismiss.

The application for the temporary injunction and the motion to dismiss came on for hearing in open court at Des Moines, Iowa, on the 20th day of July, 1935, and they were argued and submitted. Counsel on both sides have presented the matters orally and in writing after exhaustive studies of the authorities, and I have carefully examined the briefs of the parties mindful of the importance of the questions raised.

The bill of complaint contains averments that the processing tax imposed by virtue of the Agricultural Adjustment Act, as amended (sections 609, 619, title 7, U. S. C. [7 USCA §§ 609, 619]), in so far as it affects the plaintiff, is unconstitutional upon the grounds that have become usual in attacks upon the constitutionality of the processing tax.

It is not necessary for the court at this time to pass upon the constitutional questions raised, as under the law it is sufficient to warrant temporary injunctive relief if there exists serious or probable cause to believe that the act is unconstitutional. Shubert v. Woodward (C. C. A.) 167 F. 47, 60.

The recent decision of the Circuit Court of Appeals for the First Circuit in Butler et al. v. United States, 78 F.(2d) 1, decided July 13, 1935, wherein that court held that the processing tax under the Agricultural Adjustment Act was unconstitutional, is enough to raise grave doubts as to the constitutionality of the act, and warrants a temporary injunction pending final decision on the merits, if this court has jurisdiction to entertain the suit.

The defendant in his motion to dismiss, however, contends that this court is without that jurisdiction for the following reasons, in substance: First, that the complainant has a plain, adequate, and complete remedy at law, in that it may pay the tax, and, after administrative remedies have been exhausted, bring suit for the refund of the tax, if unlawful, and that section 3224 of the Revised Statutes of the United States (section 154, title 26, U. S. C. [26 USCA § 154]), prohibits the maintaining in any court of a suit for the purpose of restraining the assessment or collection of a federal tax; and, second, that the relief asked in the complaint for a declaratory judgment as to the constitutionality of the act under the facts presented by the petition should not be en-

tertained, nor has the court jurisdiction to entertain such a controversy under the Declaratory Judgment Act (section 400, title 28 U. S. C. [28 USCA § 400]).

From an examination of the complaint, it is apparent that the plaintiff does not rely entirely upon the Declaratory Judgment Act, but only as an additional remedy asks the court for a declaratory judgment. This evidently was inserted out of an excess of caution on the part of the attorneys for the plaintiff, but does not add anything or detract from the facts set out in the complaint nor affect the relief asked otherwise in the complaint.

The serious question is whether or not this court can entertain the action in the face of an act of Congress designated as section 3224 of the Revised Statutes of the United States, or section 154, title 26, United States Code (26 USCA § 154). This section provides: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." '

Interpretation of this statute has been before the Supreme Court of the United States in several cases, part of them relied upon by the complainant herein and part by the defendant.

The rule, as stated in the case of Miller, Collector of Internal Revenue, v. Standard Nut Margarine Co. of Florida, 284 U. S. 498, 52 S. Ct. 260, 76 L. Ed. 422, sets out the rule and is the last pronouncement by the Supreme Court on the question. It is there said (284 U. S. 498, page 509, 52 S. Ct. 260, 263, 76 L. Ed. 422): "Independently of, and in cases arising prior to, the enactment of the provision * * * 'which became Rev. St. § 3224 (26 USCA § 154), this court, in harmony with the rule generally followed in courts of equity, held that a suit will not lie to restrain the collection of a tax upon the sole ground of its illegality. The principal reason is that, as courts are without authority to apportion or equalize taxes or to make assessments, such suits would enable those liable for taxes in some amount to delay payment or possibly to escape their lawful burden, and so to interfere with and thwart the collection of revenues for the support of the government. And this court likewise recognizes the rule that, in cases where complainant shows that in addition to the illegality of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collector. [Citing cases.] Section 3224 is declaratory of the principle first mentioned and is to be construed as near as may be in harmony with it and the reasons upon which it rests. [Citing cases.] This section does not refer specifically to the rule applicable to cases involving exceptional circumstances.' The general words employed are not sufficient, and it would require specific language undoubtedly disclosing that purpose, to warrant the inference that Congress intended to abrogate that salutary and well-established rule. This court has given effect to section 3224 in a number of cases. [Citing cases.] It has never held the rule to be absolute, but has repeatedly indicated that extraordinary and exceptional circumstances render its provisions inapplicable. [Citing cases.]"

And the Supreme Court has held that the charge that an act upon which a tax is sought to be recovered is unconstitutional is not sufficient to warrant a court in equity restraining the collection of such tax upon the ground that it presents such an exceptional and extraordinary situation.

Complainant here, evidently recognizing that more was required to maintain such a suit than a mere charge of the unconstitutionality of the processing tax statute, adds two grounds upon which it relies as presenting the exceptional and extraordinary situation warranting the relief of an injunction in this case.

These situations are presented in the pleading at some length, but, in substance, they are: First, that there is pending a bill in Congress, which has already passed the House of Representatives, entitled "A Bill to Amend the Agricultural Adjustment Act and For Other Purposes," which, if enacted and becomes law, prevents any suit or proceeding being maintained, or the court to have power to enter any judgment or decree for the recoupment, set-off, or refund of any processing tax assessed or paid; and, second, that the customers of the plaintiff are refusing to pay the processing tax added to their bill, as provided by the act, and are demanding that the plaintiff not pay the tax, and are threatening and will deduct the amount of any such tax from any moneys due or becoming due to the plaintiff, and it will be re-

quired to bring a multitude of suits against its own customers in an attempt to recover the amount proposed to be deducted by them on account of the processing tax.

■ The only evidence before the court is the verified complaint of petitioner, and, for the purpose of this hearing, no other evidence being presented or offered, the court is required to accept as true the allegations of fact in such complaint, and the court here adopts such facts as findings of fact by the court.

We therefore have for determination whether or not the facts as alleged present such an exceptional and extraordinary situation that this court as a court of equity should take cognizance thereof and afford the relief requested, or whether it should declare that these facts do not constitute such an extraordinary case as to warrant any relief and to dismiss the proceeding on the ground that the plaintiff may pay the tax and recoup the same, if the tax is unlawful, under the administrative relief afforded and later bring a suit at law.

Upon presentation of the matter in dispute, it was the first impression of the court that the facts presented warranted equitable intervention, and, upon examination of the authorities, I am still of that opinion.

There is, of course, no case exactly in point, and arguments of counsel that the facts here do or do not come within the facts in the several cases passed upon by the Supreme Court are of little aid, except as they may aid the court in a determination of what the Supreme Court of the United States has considered in certain cases as exceptional and extraordinary conditions.

The nearest state of facts is perhaps found in Graham v. Du Pont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965, relied upon by the defendant. In that case the lower court found that the suit was maintainable on the ground that the complainant would be barred by the statute of limitations from recovery should the tax be paid. But the Supreme Court of the United States held that an amendment of a revenue statute provided the administrative remedy available to plaintiff. The Supreme Court, however, did not hold that, had the statute of limitations barred recovery, it would not have presented the extraordinary situation warranting equitable relief.

■ Counsel have argued somewhat the question of whether or not the processing tax is a tax at all, but it seems to me that this is unimportant. Even if it is an illegal tax, it would still be a tax, and would come within the provisions of the bar of section 3224 of the Revised Statutes were it not for the extraordinary situation presented.

■ Counsel for the defendant also argue that, as the taxpayer has paid the tax for two years, no relief should be granted it at this time, as it could have tested the constitutionality of the act prior to this action by administrative proceedings. However, a situation is here presented that has not existed at any time prior hereto by the very things that the plaintiff has set up as presenting an exceptional and extraordinary situation. And the statement by Justice McReynolds in the case of Untermyer v. Anderson, 276 U. S. 440, 446, 48 S. Ct. 353, 354, 72 L. Ed. 645, that "The future of every bill while before Congress is necessarily uncertain," has no bearing upon the question here in controversy.

■ The exact situation here presented and the exact question for determination are not new. The following courts have held situations similar to the one here presented to warrant the equitable relief requested. Washburn Crosby Co. v. Harrison[1] (N. D. of Ill.); Kingan & Co. v. Smith et al.[2] (S. D. of Ind.); Smith Milling Co. v. Thomas et al.[3] (N. D. of Tex.); Gold Medal Foods, Inc., v. Landy (D. C.) 11 F. Supp. 65. And, so far as I can learn, the only contrary decision is by Judge Reeves in the case of Larabee Flour Mills Co. v. Nee et al. (D. C. W. D. of Mo.) 11 F. Supp. 132, wherein such equitable relief was denied, but whether or not the complainant set out the fact situation here disclosed and here relied upon is not shown. However, if the daily papers are to be believed, this case was again presented day before yesterday to United States Circuit Judge John B. Sanborn[1] at St. Paul, Minn., and a preliminary injunction was granted restraining the collector of internal revenue from collecting wheat processing taxes totaling $467,000 for May and June. However, this order provided

---

[1] No written opinion filed.    [2] 12 F. Supp. 328.    [3] 11 F. Supp. 833.

that the defendant might apply to Judge Reeves by a motion to vacate the injunction. This would indicate that new and additional statement of facts had been charged in the later application.

Assuming the situation here presented to be true at the time the Inland Milling Company instituted this suit, it is apparent that the company was in a precarious position. Being uncertain as to whether the processing tax was constitutional and could be collected from it, a notification to the defendant of a refusal to pay would be unavailing, as it is the duty of the defendant to collect the tax notwithstanding the protest, and defendant would be required to collect it by distraint and levy, with a lien on plaintiff's property, and certain penalties, both civil and criminal, would follow. If the company paid the tax, there was a likelihood and probability at that time that it could not be recovered. If it paid the tax and endeavored to recoup from its customers, that would mean a multitude of suits, irritating its customers and disrupting its business, with a probable result of no recovery from them and a total loss of the amount of the tax, which is sizable. Under this situation, the only avenue left to the plaintiff company was to appeal to the court and ask for the equitable relief as was done by it in this suit.

Finding that the grounds of the motion to dismiss are not sustained by the fact situation disclosed in the complaint here, said motion should be overruled. The clerk will therefore enter the following order:

The above-entitled cause having come on for hearing in open court at Des Moines, Iowa, on the 20th day of July, 1935, on an application by the plaintiff for a temporary injunction, and upon a motion to dismiss by the defendant, same are argued and submitted; and, being advised, said motion to dismiss is overruled, and the defendant excepts, and plaintiff's request for a temporary injunction is sustained, its solicitor to draw the order, but without prejudice to the defendant to ask for further security in the event there is any feeling on his part that the deposit of taxes due with the clerk of this court is not sufficient to protect the government in full during the time of this injunction and until the matter may be heard upon its merits. Defendant excepts.