**Walter RYBACKI et al.**

v.

**Harold R. ALL, District Director of Internal Revenue.**

**Civ. A. No. 7548.**

United States District Court
D. Connecticut.

March 19, 1959.

Robert I. Berdon, New Haven, Conn., for plaintiffs.

Harry W. Hultgren, Jr., U. S. Atty., Henry C. Stone, Asst. U. S. Atty., Hartford, Conn., for defendant.

J. JOSEPH SMITH, District Judge.

Plaintiffs, 607 employee beneficiaries of a profit sharing plan, on termination of the plan by the employer received in March 1958 their shares of the accumulated profit sharing trust. In the cases of three of the employees who sought a ruling as to the income tax treatment of the amount so received, the Acting Director and later the Director of the Tax Ruling Division of the Internal Revenue Service advised that the distributions were ordinary income and fully taxable to the recipients in the year received.

Plaintiffs seek an injunction against assessment and collection of taxes as ordinary income, contending that exceptional and extraordinary circumstances exist justifying the intervention of equity. Defendant moves to dismiss on the ground that administrative remedies are not exhausted, no assessment having been made, that Section 7421, I.R.C. 1954, 26 U.S.C. § 7421, forbids the action for injunction and that 28 U.S.C. § 2201 forbids the granting of declaratory judgments with respect to federal taxes prior to assessment.

Defendant's objections appear to be well taken. Intervention of the courts to forestall action as to prospective assessments, even if the proposed action affects large numbers of taxpayers, would open a fruitful field of litigation and delay to the revenue.

No unusual hardship will result to any plaintiff here beyond that faced by any other taxpayer who has received indication of a probable adverse ruling as to the treatment of an item of income of like amount for a pending tax year. So far as the amounts may be small, the same situation must exist as to many other taxpayers who must determine whether it is worthwhile to seek review. The disadvantage of multiplicity of actions may largely be obviated by han-

dling similar actions together through the pre-trial and trial stages, particularly where, as here, all are represented by the same counsel. No individual plaintiff will be faced with any multiplicity of actions.

It would be more convenient to the taxpayers and court to handle the matter as plaintiffs seek to do here, by a single action to determine the legal issues prior to assessment or tax return, but the disadvantages of such a course in litigation, delay and uncertainty of collection to the revenue have led the Congress to withhold power in the courts so to handle the matter. While some circumstances, such as the imminent wiping out of an industry, or the certainty of a multiplicity of actions against a single taxpayer, as in the processing tax and amusement tax cases, have led courts to make some exceptions to the rule, cf. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Allen v. Regents, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448; Inland Milling Co. v. Huston, D.C.S.D.Iowa 1935, 11 F.Supp. 813, the inconvenience and expense of contesting the proposed assessment if made here is not so unusual and catastrophic as to justify carving another exception to the operation of the statutes.

The motion to dismiss is granted for lack of jurisdiction.